# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

DAVID CRAIG HARE

          Plaintiff

     v.

AIR PLAINS SERVICES, CORPORATION

AVSTAR FUEL SYSTEMS, INC.

TEXTRON, INC.

AVCO CORPORATION

LYCOMING AVIATION, INC.

        Defendant

Case No: _____

**COMPLAINT**

**AND JURY TRIAL DEMAND** _

Plaintiff, DAVID CRAIG HARE, a citizen of the United States, domiciled in the State of Texas, but a resident of the State of Louisiana, through his undersigned counsel, hereby commences this Civil Action against Air Plains Services, Corporation (hereinafter referred to as "Air Plains" unless otherwise stated), Avstar Fuel Systems, Inc. (hereinafter referred to as "Avstar" unless otherwise stated),  and Textron, Inc. / Avco Corporation / Lycoming Aviation, Inc. (hereinafter referred to as "Lycoming" unless otherwise stated) for compensatory, equitable, injunctive, and declaratory relief.  Plaintiff makes the following allegations based upon his personal knowledge as to his own acts, and upon information and belief, as well as upon his attorney's investigative efforts as to the action and/or inaction and/or misconduct of Air Plains, Avstar Fuel Systems, Inc., and Lycoming and alleges as follows:

**SUMMARY OF ALLEGATIONS**

1.      At all times relevant, the FAA Supplemental Type Certificate (STC), hereinafter referred to unless otherwise stated, upon information and belief designated as STC SA10811SC or similar amended or new STC's issued to Air Plains (Alamo Aerospace, original STC Holder, now Air Plains) or any other defendant, that allowed for engine upgrades for Cessna 182T model single engine airplanes, which was installed on the accident airplane N148LP, which was accomplished by the installation of associated parts in a "Kit", which said parts, installation manuals, performance data and other technical expertise were researched, developed, manufactured, marketed, promoted, advertised and sold by defendant, Air Plans Services, Corporation, Avstar and  Lycoming.

2.      At all times relevant, Air Plains, Avstar and Lycoming misrepresented the safety of the Supplemental Type Certificate and it's supplied "kit", and negligently manufactured, marketed, advertised, promoted, sold and distributed the kit as safe and effective devices to be used for the increase of horsepower and performance in Cessna 182T aircraft with the Lycoming IO-540-D4B5, engine installed thereon.

3.      At all times relevant to this action, Air Plains, Avstar and  Lycoming knew, and/or had reason to know, that the kit and engine, and fuel injector / throttle body components were not safe for use on the Cessna 182T, because the connections to the throttle of the engine installed in the airplane and otherwise malfunctioned, and therefore failed to operate in a safe and continuous manner, causing, catastrophic injuries and/or deaths to the occupants of Cessna 182T aircraft and other aircraft, in which the kit and modifications, of Air Plains, Avstar and  Lycoming were installed pursuant to the STC applicable hereto.

4.     At all times relevant to this action, Air Plains, Avstar and Lycoming knew or had reason to know, that its representations that the STC designed to increase horsepower and performance of the Lycoming IO-540 engines installed or to be installed in Cessna 182T Aircraft and others and based on the instructions, parts research and proprietary technology of defendants were materially false and misleading.

5.     According to recent advertising by defendant, Air Plains, more than 2,500 of the kits were sold by defendant to place in service in the United States and in other countries in Cessna 172 and Cessna 182 airplanes.

6.     As a result of this defective design and manufacture, the kit and its components can cause loss of aircraft power resulting in serious physical trauma and/or death.  Air Plains, Avstar and  Lycoming knew and had reason to know of this tendency and the resulting risk of injuries and/or deaths, but concealed this information and did not warn Plaintiff, Associated Airframe and Power Plant Mechanics, Aircraft Owners and the aviation community from making informed choices about use of the Kit as allowed by the STC held by defendants or purchased by them that allowed installation on the airplane that the plaintiff was piloting and occupying when the products failed and resulted in a crash and injuries to said plaintiff, David Craig Hare.

**PARTIES**

7.     Plaintiff, DAVID CRAIG HARE, is a citizen of the United States, domiciled in Hemphill, Texas, but a resident of Patterson, St. Mary Parish, Louisiana for at least six months each year while employed as a fish spotter airplane pilot for West Bank Fishing, LLC domiciled in Empire, Louisiana. At the time of the airplane ditching and crash, Plaintiff was the pilot and sole occupant of a 2002 Cessna 182T, bearing registration number N148LP, Serial Number 182281148, powered by a Lycoming IO-540-D4B5,

Manufacturer's Serial Number L21152-48E, which was manufactured to "rebuilt" zero time status and not "overhauled" status at the Lycoming factory in Pennsylvania, on or about February 16, 2021 by Lycoming and AVSTAR, with the Air Plains, Fuel injector / Throttle body STC, which upon information and belief was provided new with the new rebuilt engine to the aircraft owner, West Bank Fishing, LLC.

8.      Defendant, Air Plains, Inc., is a Kansas corporation, with its principal place of business in Wabaunsee County, at Wellington Airport, P.O. Box 541, Wellington, KS 67152.  Air Plains specializes in performance engine upgrades in their factory or ships complete kits worldwide for the engine upgrades for a period in excess of 45 years. Upon information and belief, it is the owner of the original Supplemental Type Certificate which was originally owned and developed by Alamo Aerospace, which is no longer in business.

9.      Defendant, Avstar Fuel Systems, Inc. is a corporation existing and organized under the laws of the State of Florida, with its principal place of business there at 1365 Park Lane South, Jupiter Florida 33458.  Avstar is a parts manufacturer approval holder, distributor, licensee, designer, manufacturer, supplier, seller, FAA Repair Station, and/or overhauler of fuel injector / throttle bodies and fuel injector / throttle body parts for Lycoming engines.  As such, Avstar assumed responsibility for the design, safety and manufacture of the fuel injector / throttle body and/or fuel injector / throttle body parts for Lycoming engines. The company also assumed responsibility for the instructions on maintenance, overhaul, repair, replacement inspection, and other information with respect to its products, and matters of continuing airworthiness for these products.  The Lycoming

defendants endorsed Avstar Fuel Systems as its preferred fuel injector / throttle body and fuel injector / throttle body parts vendor.

10.     Defendant, Textron, Inc. is a corporation organized and existing under the laws of the State of Delaware and whose domicile address is Wilmington, Delaware with its principal place of business being Providence, Rhode Island, which has appointed as its agent for service of process in the State of Louisiana, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816 and maintains its principal place of business in Louisiana at 1010 Gause Boulevard, Slidell, Louisiana 70458.

11.     Defendant, Avco Corporation, is an operating division of Textron and is a corporation, organized and existing under the laws of the State of Delaware, and is registered with the Pennsylvania Secretary of State to do business in Pennsylvania, and maintains its principal place of business in Williamsport, Pennsylvania.

12.     At all times relevant, Avco was the owner of the type certificate, distributor, licensor, designer, manufacturer, seller, supplier, overhauler and/or rebuilder of the aircraft engine and its components involved in the crash of the aircraft subject to this lawsuit.

13.     Defendant, Lycoming Engines / Lycoming Aviation, Inc. is an operating division of Textron and/or Avco with a separate legal existence as the owner or licensee of the type certificate, distributor, licensor/licensee, designer, manufacturer, seller, supplier, overhauler and/or rebuilder of the aircraft engine and its components involved in the crash of the aircraft subject to this lawsuit.

## JURISDICTION AND VENUE

14.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) because the parties are citizens of different states and the plaintiff is domiciled in Texas, but resides in Louisiana for the greater part of the year during the fishing season at Patterson, Louisiana, the airplane crash occurred within the State of Louisiana in Fourleague Bay a/k/a Four League Bay in Terrebonne Parish, State of Louisiana and the matter in controversy exceeds the jurisdictional amount exclusive of interest and costs. The plaintiff shows that Louisiana State Law applies to this case based on the "Louisiana Products Liability Act", L.S.A. R.S. 9:2800.51 et seq. as amended and the Redhibition Laws of the Louisiana Civil Code Articles, contained in La. Civ. Code, Art 2520 et seq., as amended and La. Civ. Code, Art 2545, et seq., as amended and/or any other applicable provision of Louisiana State Law.

15.     Venue is proper under 28 U.S.C. §§1391 (a) and (c).  Air Plains, Avstar and Textron, Avco and/or Lycoming earn substantial compensation and profits from sales of airplanes, engines, fuel injector / throttle bodies and of the use of their STCs' and Kits installed on numerous airplanes flying in this district on a regular and/or intermittent basis. The devices included in the airplanes, engines, fuel injector / throttle bodies, and fuel injector / throttle body kits that are installed on other aircraft owned by plaintiff's employer, West Bank Fishing, LLC, and flying regularly in Louisiana, in the Eastern District of Louisiana, as well as in the associated waters of the Gulf of Mexico in West Bank's Fishing operation.

## FACTUAL BACKGROUND

Air Plains designs, researches, develops, manufactures, tests, markets, advertises, promotes, distributes, and sells products for Cessna 172 and 182 aircraft alleged

to increase the performance of the aircraft, increase the cruise speed and rate of climb at affordable prices. of the installed engines therein.  Air Plains holds itself out as "Air Plains Services specializes in performance engine upgrades for Cessna 172, Cessna 180, and Cessna 182 aircraft, installing them in our factory or shipping complete kits worldwide. For over 40 years, Air Plains has been the leading expert in 180hp, 260hp and 300hp engine upgrades for Cessna 100 series aircraft, having sold more than 3,000 upgrades to date. Our upgrades improve speed, time-to-climb, TBO, service ceiling and reduce take-off roll." *See* Air Plains, Inc. website: www.airplains.com/upgrades.

16.     Textron, Inc., Avco Corporation and Lycoming Engines / Lycoming Aviation, Inc. (Lycoming) together as parent and subsidiary of each other produce a complete line of horizontally opposed air-cooled, four-, six- and eight-cylinder piston aircraft engines and said six-cylinder engine manufactured and rebuilt by them powered the crash aircraft which is the subject of this lawsuit.

17.     Defendant, Avstar Fuel Systems, Inc. is a fuel injector / throttle body and parts manufacturer approval holder, distributor, licensee, designer, manufacturer, supplier, seller, FAA Repair Station, and/or manufacturer and/or overhauler and warrantor of new and/or overhauled fuel injector / throttle bodies and fuel injector / throttle body parts for use on Lycoming engines.

18.     This lawsuit seeks recovery for petitioner, who has been injured by a Cessna 182, which has the Air Plains modifications for a Lycoming 540 installed on said engine and aircraft, as well as any other defective device or product installed pursuant to Air Plains Kit and/or manufactured by Air Plains or any of its subsidiaries and/or under its license for use of the Supplemental Type Certificate by Lycoming and/or Avstar.

19.     At all times relevant, this kit and directions for installation, pursuant to Air Plains STC, was developed, marketed, promoted, advertised, sold, provided and distributed by Air Plains, Inc., Lycoming and/or Avstar to be used in connection with the 2002, Cessna 182T, Skylane, FAA registry: N148LP; Serial Number 18281148.

20.     At all times relevant, this fuel injector / throttle body was developed and/or manufactured by Air Plains, Lycoming and/or Avstar, then advertised, promoted, marketed and sold pursuant to direction by Air Plains, Lycoming and/or Avstar.

## THE DEFECTS IN THE AIR PLAINS, LYCOMING AND/OR AVSTAR ENGINE AND/OR FUEL INJECTOR / THROTTLE BODY

21.     Since the Supplemental Type Certificate (STC) was granted and  its modifications for Cessna 100 series airplanes with Lycoming engines and products were introduced to the market, it has become evident that a significant portion of the fuel injector / throttle bodies constructed and manufactured by the defendants have potential design and manufacturing defects that have and will result in engine stoppage, off airport landings and crashes of the airplanes, which are equipped with these fuel injector / throttle bodies having the modifications specified by the STC.

22.     Air Plains, Avstar, and Lycoming have not disclosed the precise mechanism that caused the nut used to secure the throttle on the throttle body to become loose.  The FAA examined the airplane after it was recovered and when the engine cowling was removed the FAA determined that the nut was loose and/or dislodged and not secured by the cotter pin which was supposed to be used to keep the nut holding the throttle to the fuel injector / throttle body from becoming movable and allowing the throttle controls to become unresponsive.   The owner of the airplane which have 13 such aircraft with such STC's applied to their aircraft determined that the cotter pin holding the nuts to the fuel

injector / throttle bodies of each of other 12 aircraft was smaller than the hole in the shaft next to the nut that became loose and/or dislodged and was of steel construction and the owner has replaced all cotter pins with one size larger and made of stainless steel. This makes the fuel injector / throttle body components less subject to stress and vibration damage. Therefore, that defect was demonstrated on the fuel injector / throttle body of each of Plaintiff's employer's airplanes.

23.     Air Plains, Avstar, and Lycoming representations of the consistency of the performance of the engines, fuel injector / throttle bodies are untrue in light of the reported experience with the fuel injector / throttle bodies and the resultant corrective measures made in the field by the owner's mechanics to correct the defects in design, performance, construction and manufacture of the fuel injector / throttle body on the subject airplane and others owned by Plaintiff's employer.

24.     At all times relevant, Air Plains, Avstar, and Lycoming misrepresented the safety of the engine and fuel injector / throttle bodies and negligently manufactured, marketed, advertised, promoted, sold, and distributed the engine and fuel injector / throttle bodies as safe devices to be used together with each component of the airplane. The failure of the engine and fuel injector / throttle body can cause sudden engine loss and/or loss of thrust and can and did result in property loss and personal injury to plaintiff and others.

25.     At all times relevant, Air Plains, Avstar, and Lycoming failed to warn that the fuel injector / throttle body was prone to breakage of cotter pins, and loosening of the retraining nut holding the throttle body of the fuel injector / throttle body or that particular processes should be implemented in order to avoid breaking the breaking

or falling out of the cotter pin and subsequent throttle body loosening resulting in airplane engine loss of power and/or inability to control engine thrust.

26.     As a result of their <u>defective design and manufacture</u>, Air Plains, Avstar, and Lycoming engine installation in the Cessna 182T model airplanes suffer loss or broken cotter pins, leading to malfunction of the throttle, throttle body, fuel injector / throttle body and engine causing the injuries and loss of property to plaintiff, David Craig Hare.

## ALLEGATIONS

27.     Air Plains, Avstar, and Lycoming designed, manufactured, marketed, promoted, sold, (and/or) owned the STC and distributed the engine and fuel injector / throttle body [which was installed in the Cessna 182T, Registration Number N148LP, in which plaintiff was the sole occupant and pilot. All of the aforementioned models of engine and fuel injector / throttle body owned by the employer of plaintiff contain the same defect which owner has remedied since the occurrence of the aforementioned crash to protect its other airplanes and pilots.

28.     The engines and fuel injector / throttle bodies are uniformly defective in that they are prone to have the cotter pin holding the nut to the throttle body to either fracture and/or fall from the shaft of the throttle bolt holding the actual throttle body cable and arm connecting to the throat of the device, causing the nut holding the throttle body and assembly in place and allowing the throttle body and cable leading to the cabin of the airplane to fail to function in controlling the fuel entering the engine and maintaining the continuous operation of the engine, which is not discoverable to the aircraft operator in normal operation of the engine and fuel injector / throttle body. The malfunctioning can and does lead to terrifying off airport crashes and injuries both physical and mental to the

occupants and pilots of the subject airplanes having the subject engines and fuel injector / throttle bodies.

29.     There is no test that predicts whether the Air Plains, Avstar, and Lycoming engine and fuel injector / throttle body will fail.

30.     To this day, Air Plains, Avstar, and Lycoming has failed and/or refused to suggest a replacement or fix of the defective engine, fuel injector / throttle body and other attachments, even though at least the defective and smaller than required steel cotter pin should be replaced by a larger cotter stainless cotter pin which plaintiff' employer has already undertaken in its 13 other aircraft with the same engine and fuel injector / throttle body configuration as the airplane involved in this crash.  Emergency replacement of the cotter pins in similar engine and fuel injector / throttle body installation throughout the fleet with these parts is required.

A.     **Air Plains' Concealment of the Defects**

31.     Air Plains' failure to document or follow up on the known defects in its STC specifications, and concealment of known defects from the FAA, Plaintiff and the flying community constitutes fraudulent concealment that equitably tolls applicable statutes of limitation.

32.     Plaintiff could not have discovered the existence of the defect in the engine and fuel injector / throttle body until, at least, July 27, 2021, when the airplane crash occurred and was issued by the National Transportation and Safety Board that the cotter pin was missing and the nut that was holding it was loose and not properly securing the throttle on the throttle body concerning the fragile nature and or wrong size of the cotter pin installation and/or metal composition.

33.     Air Plains, Avstar, and Lycoming is estopped from relying on the statute of limitations defense because Air Plains, Avstar, and Lycoming actively concealed the engine and/or fuel injector / throttle body defects, suppressing reports, failing to follow through on FAA notification requirements, and failing to disclose known defects to Cessna and other manufacturers, owners, pilots and mechanics such as Plaintiff.  Instead of revealing the defects, Air Plains, Avstar, and Lycoming continued to represent its products as safe for their intended use.

34.     The conduct of Air Plains, Avstar, and Lycoming, as described in the preceding paragraphs, amounts to conduct purposely committed, which Air Plains, Avstar, and Lycoming must have realized was dangerous, and reckless, without regard to the consequences or the rights and safety of Plaintiff and others.

**B.     Air Plains, Avstar, and Lycoming's Failure to Provide Adequate and Accurate Information**

35.     Thousands of lives rely upon the proper functioning of these engines and fuel injector / throttle bodies and must be informed of the defects in these products.

36.     Pilots, passengers, owners and mechanics remain uninformed and confused about whether the engines and fuel injector / throttle bodies are safe, or even whether all of the defects have been disclosed.

37.     Because of incomplete, inconsistent, and/or confusing information published by Air Plains, Avstar, and Lycoming, it remains unclear how many individuals and companies are affected by these defective engines and fuel injector / throttle bodies.

**C.     Defendants are Alter Egos of One Another**

38.     At all times herein mentioned, the Defendants, Air Plains, Avstar, and Lycoming were the agent, servant, partner, aider and abettor, co-conspirator and/or

joint venturer of each of the other Defendants herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to Plaintiff.

39.     There exists and, at all times herein mentioned, existed a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter ego of the other certain Defendants and exerted control over those Defendants.   Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or would promote injustice.

40.     At all times herein mentioned, Defendants, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing and/or advertising for sale, and selling products for use by Plaintiff. As such, each Defendant is individually, as well as jointly and severally and in solido, liable to Plaintiff for Plaintiff's injuries, damages and all losses sustained in the crash of Cessna 182T.

41.     At all times herein mentioned, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew, or with the exercise of

reasonable care and diligence should have known, of the hazards and dangerous propensities of said products, and thereby actively participated in the tortious misconduct that resulted in the injuries suffered by Plaintiff.

### PLAINTIFF

42.     Plaintiff, DAVID CRAIG HARE, is a commercial, instrument rated pilot with hours flying as an airplane pilot, who has logged in excess of Eighteen Thousand Five Hundred Hours (18,500) of flying time at the time of the loss of power and subsequent crash of his employer's airplane, Cessna 182T, Registration Number N148LP.  Plaintiff and plane departed on July 27, 2021 at 7:55 a.m. from the Patterson, Louisiana Airport (KPTN) for the Gulf of Mexico over marsh and water to spot fish for fishing vessels owned by his employer. Normal climb out was initially to 1,000 feet MSL where he successfully leveled off.  He then climbed to 2,000 feet MSL and when I went to level off again, he then pulled back on the throttle and received no response.  The engine then went to full power. When redline (full throttle) began, he started a turn back to Patterson Airport (KPTN) in a northwesterly direction and in the turn the engine went to idle. At that point he did not have enough altitude to glide to Patterson Airport (KPTN) so he then turned South to try to make it to the beach south of his present position.  He could not glide safely to the beach, so he had to ditch the airplane in Fourleague Bay a/k/a Four League Bay in Terrebonne Parish, Louisiana.  Upon landing on the surface water of the Bay, the airplane flipped upside down into about six feet of water resulting in his injuries. he was able to extricate himself from the plane and got on top of the overturned hull of the airplane until he was rescued.

43.     He sustained among other injuries, a laceration without foreign body of the right cheek and temporomandibular area (head); bruises to forehead; chin and mouth. Soon after the crash he has developed pain in his knees and shoulder and additional

resultant serious fear of flying at night as a Pilot and increasing anxiety over acting as a pilot during daylight hours or in any other fashion, especially, but not limited to Post Traumatic Stress Syndrome.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
#### (Products Liability)

44.     Plaintiff re-alleges the allegations contained in the foregoing paragraphs.

45.     At all relevant times hereto, Defendants, Air Plains, Avstar, and Lycoming were engaged in the business of designing, manufacturing, assembling, promoting, advertising, selling, and distributing the IO-540-D4B5 for ultimate sale to aircraft owners and use by the owners agents, certified airplane pilots, and the general public.

46.     Air Plains, Avstar, and Lycoming's engines and fuel injector / throttle bodies were expected to and did reach Plaintiff without substantial change in their condition as manufactured and sold by Air Plains, Avstar, and Lycoming.  In light of the defects described herein, at the time the subject engine and fuel injector / throttle body reached Plaintiff, the engine and fuel injector / throttle body were in a condition not contemplated by any reasonable person among the expected users of the products, and were unreasonably dangerous to the expected users of the engine and fuel injector / throttle body, when used in reasonable ways of handling and operating said, engine and fuel injector / throttle body.

47.     The engine and fuel injector / throttle body designed, manufactured, assembled, and sold by Air Plains to Plaintiff's employer was in a defective condition

unreasonably dangerous to any user or consumer of the devices, and Plaintiff was, and is, in the class of persons that Air Plains, Avstar, and Lycoming should reasonably have foreseen as being subject to the harm caused by the engine and fuel injector / throttle body's defective condition.

48.    Plaintiff used the engine and fuel injector / throttle body in the manner in which the engine and fuel injector / throttle body were intended to be used.  This has resulted in injuries to Plaintiff from the loss of power and subsequent crash of the airplane on which the engine and fuel injector / throttle body were installed and at other times to be proven at trial.

49.    Plaintiff was unaware of and could not in the exercise of reasonable care have discovered, the defective nature of Air Plains, Avstar, and Lycoming's engine and fuel injector / throttle body, nor could he have known that Air Plains, Avstar, and Lycoming designed, manufactured or assembled the engine and fuel injector / throttle body in a manner that would increase the risk of bodily injury to Plaintiff.

50.    As a direct and proximate result of Air Plains, Avstar, and Lycoming's design, manufacture, assembly, marketing and sales of the engine and fuel injector / throttle body, Plaintiff has sustained and will continue to sustain severe physical and mental injuries and/or death, severe emotional distress, post traumatic stress syndrome and economic losses and consequential damages, and is therefore entitled to compensatory relief according to proof, and plaintiff is entitled to a judgment that Air Plains, Avstar, and Lycoming are liable to him for breach of their duty to Plaintiff and Air Plains, Avstar, and Lycoming's failure to provide a safe, operable and effective engine and fuel injector / throttle body; and Plaintiff is entitled to equitable relief as described below.

51.     Air Plains, Avstar, and Lycoming's engine and fuel injector / throttle body constitute a product dangerous for its reasonably intended use, due to defective design, manufacture, assembly, and marketing.  Air Plains, Avstar, and Lycoming's are therefore liable to Plaintiff in an amount according to proof.

### SECOND CLAIM FOR RELIEF
### (Breach of Implied Warranty)

52.     Plaintiff re-alleges the allegations contained in the foregoing paragraphs.

53.     Air Plains, Avstar, and Lycoming's implicitly warranted that its engine and fuel injector / throttle body, which Air Plains, Avstar, and Lycoming designed, manufactured, assembled, promoted and sold to Plaintiff was merchantable and fit and safe for ordinary use.  Air Plains, Avstar, and Lycoming further implicitly warranted that its engine and fuel injector / throttle body were fit for the particular purpose of providing sufficient power and thrust for the airplane to be safely propelled thorough the atmosphere in working condition in order to accomplish a safe landing on intended safe airport surfaces.

54.     Air Plains, Avstar, and Lycoming's engine and fuel injector / throttle body, were unmerchantable, and unfit for ordinary use when sold, and unfit for the particular purpose for which they were sold, and subjected Plaintiff to severe and permanent injuries and damages.  Therefore, Air Plains, Avstar, and Lycoming breached the implied warranties of merchantability and fitness for a particular purpose when their engine and fuel injector / throttle body were sold to Plaintiff, in that the engine and fuel injector / throttle body installed on the Cessna 182T aircraft is defective and has lost the

cotter pin holding the throttle nut in place allowing the nut to back off and become loosened on the shaft and otherwise failed to function as represented and intended.

55.     As a direct and proximate result of Air Plains, Avstar, and Lycoming's breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff has sustained and will continue to sustain severe physical and mental injuries, severe emotional distress, post-traumatic stress syndrome and economic losses, and is therefore entitled to compensatory damages and equitable relief according to proof.

### THIRD CLAIM FOR RELIEF
#### (Negligence)

56.     Plaintiff re-alleges the allegations contained in the foregoing paragraphs.

57.     Air Plains, Avstar, and Lycoming had a duty to Plaintiff to provide a safe product in design and manufacture, to notify the FAA of design flaws, and to warn the FAA of the defective nature of the engine and/or fuel injector / throttle body.  Air Plains, Avstar, and Lycoming's breached their duty of reasonable care to Plaintiff by incorporating a defect into the design of the engine and/or fuel injector / throttle body, thereby causing Plaintiff's injuries, losses and damages.

58.     Air Plains, Avstar, and Lycoming breached their duty of reasonable care to Plaintiff by manufacturing and assembling engine and/or fuel injector / throttle body in such a manner that they were prone to lose the cotter pin on the fuel injector / throttle body and shaft with subsequent backing out of the nut holding the throttle cable and body and thus fail to operate and malfunction and expose Plaintiff to life-threatening physical and mental trauma and property loss.

59.     Air Plains, Avstar, and Lycoming's breached their duty of reasonable care to Plaintiff by failing to notify the FAA at the earliest possible date of known design defects in the engine fuel injector / throttle body combination.

60.     Air Plains, Avstar, and Lycoming's breached their duty of reasonable care to Plaintiff by failing to voluntarily recall the engine and/or fuel injector / throttle body at the earliest possible date of known design defects in the engine, fuel injector / throttle body combination.

61.     Air Plains, Avstar, and Lycoming's breached their duty of reasonable care to Plaintiff by failing to exercise due care under the circumstances.

62.     As a direct and proximate result of the carelessness and negligence of Air Plains, Avstar, and Lycoming as set forth in the preceding paragraphs, Plaintiff has sustained and will continue to sustain severe physical and mental injuries, emotional distress, post-traumatic stress syndrome, economic losses and other damages, is entitled to compensatory damages and equitable relief according to proof.

**FOURTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress)**

63.     Plaintiff re-alleges the allegations contained in the foregoing paragraphs.

64.     Air Plains, Avstar, and Lycoming engaged in extreme and outrageous conduct, knowingly and/or recklessly marketing defective engines and/or fuel injector / throttle bodies knowingly and/or recklessly concealing known and potentially fatal defects from Plaintiff, knowingly and/or recklessly misrepresenting the quality and usefulness of the engines and/or fuel injector / throttle bodies.

65.     As a direct result of Air Plains, Avstar, and Lycoming's misconduct, Plaintiff has sustained and will continue to sustain emotional distress, post-traumatic stress syndrome, economic losses, and other damages.

66.     Air Plains, Avstar, and Lycoming intended to cause Plaintiff's severe emotional distress, or acted with reckless disregard for the Plaintiff's emotional state.

67.     Plaintiff did, in fact, incur (and continues to incur) severe emotional distress as a result of Air Plains, Avstar, and Lycoming's misconduct.  Accordingly, Plaintiff is entitled to compensatory damages and equitable relief according to proof.

### FIFTH CLAIM FOR RELIEF
#### (Negligent Infliction of Emotional Distress)

68.     Plaintiff re-alleges the allegations contained in the foregoing paragraphs.

69.     Air Plains, Avstar, and Lycoming carelessly and negligently manufactured, marketed and sold defective engine and fuel injector / throttle body combinations to Plaintiff and his employer; and carelessly and negligently concealed these defects from Plaintiff and carelessly and negligently misrepresented the quality, safety and usefulness of the leads.

70.     Plaintiff is directly impacted by Air Plains, Avstar, and Lycoming's carelessness and negligence, and as a result, Plaintiff has sustained and will continue to sustain severe emotional distress.

71.     Air Plains, Avstar, and Lycoming's misconduct as alleged above has caused Plaintiff to suffer severe emotional trauma, physical consequences and long

continued emotional disturbance and post-traumatic stress syndrome.  Plaintiff is therefore

entitled to compensatory damages and equitable and declaratory relief according to proof.

**SIXTH CLAIM FOR RELIEF**
**(Violation of Consumer Protection Statutes and Redhibition)**

72.     Plaintiff re-alleges the allegations contained in the foregoing
paragraphs.

73.     Under statutes enacted in Louisiana to protect consumers against
unfair, deceptive, fraudulent and unconscionable trade and business practices and false
advertising, Plaintiff is a consumer whose Principal (Employer, West Bank Fishing, LLC)
purchased Air Plains, Avstar, and Lycoming's pursuant to a consumer transaction for
personal and business use and is therefore subject to protection under such legislation.

74.     Under consumer protection statutes enacted to protect consumers
against unfair, deceptive, fraudulent and unconscionable trade and business practices and
false advertising, Defendants are the supplier, manufacturer, advertiser, and seller, who are
subject to liability under such legislation for unfair, deceptive, fraudulent and
unconscionable consumer sales practices.

75.     Air Plains, Avstar, and Lycoming violated the statutes enacted to
protect consumers against unfair, deceptive, fraudulent and unconscionable trade and
business practices and false advertising, by knowingly and falsely representing that the
engine and fuel injector / throttle body were fit to be used for the purpose for which they
were intended when, in fact, the engine and fuel injector / throttle body were defective and
dangerous. These representations were made in uniform promotional materials.

76.     The actions and omissions of Air Plains, Avstar, and Lycoming
alleged herein are uncured or incurable deceptive acts under the statutes enacted to protect

consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.

77.     Air Plains, Avstar, and Lycoming had actual knowledge of the defective and dangerous condition of the engine / fuel injector / throttle body combination installation and failed to take any action to cure such defective and dangerous condition before Plaintiff did or could have possessed any such knowledge.

78.     As a direct result of Air Plains, Avstar, and Lycoming's violations of the statutes enacted to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, Plaintiff has been damaged.

79.     Plaintiff is therefore entitled to compensatory damages, equitable relief and any and all other available statutory and case law remedies according to proof.

80.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the engine and fuel injector / throttle body.

81.     Had Defendants not engaged in the wrongful and deceptive conduct described above, Plaintiff would not have agreed to fly the aircraft with the engine fuel injector / throttle body combination, and he has therefore proximately suffered injury in fact and ascertainable losses.

82.     Defendants'     deceptive,     unconscionable,     or     fraudulent representations and material omissions to consumers, including the failure to inform consumers of unsafe condition of the engine / fuel injector / throttle body combination, constituted unfair and deceptive acts and practices in violation of state consumer protection

statutes.   Defendants' failure to abide by their statutory duties has been or may be continuing.

83.   Defendants engaged in their wrongful conduct while at the same time obtaining sums of money from Plaintiff's employer and principal for the engine and/or fuel injector / throttle body combination.

84.   Defendants have a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the defective engines and fuel injector / throttle bodies.

85.   Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiff's employer for the defective engine and/or fuel injector / throttle body that his employer/principal would not have paid had Defendants not engaged in unfair and deceptive conduct.

86.   Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of state consumer protection statutes.

87.   Plaintiff was injured by the cumulative and indivisible nature of Defendants' conduct.  The cumulative effect of Defendants' conduct directed at aircraft owners and their maintenance personnel and pilots was to create demand for and sell the engine and fuel injector / throttle body to said individuals and companies. Each aspect of Defendants' conduct combined to artificially create sales of the defective engine and/or fuel injector / throttle body.

88.     The flying community relied upon Defendants' misrepresentations and omissions in determining which engine and fuel injector / throttle body combination to utilize.

89.     By reason of the unlawful acts engaged in by Defendants, Plaintiff has suffered ascertainable loss and damages.

90.     As a direct and proximate result of Defendants' violations of state consumer protection statutes, Plaintiff has sustained economic losses and other damages for which he is entitled to statutory, compensatory damages and relief in an amount to be proven at trial.  Defendants are liable to Plaintiff, jointly and severally and in solido, for all general, special and injunctive relief to which Plaintiff is entitled by law.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is entitled to a judgment declaring that Defendants' actions have been in violation of their statutory duties and that provides compensatory damages, attorneys' fees, and/or costs of suit plus interest on all amounts awarded from date of judicial demand until paid.

91.     Plaintiff is also entitled to relief pursuant to Louisiana Products Liability Statues and Louisiana Laws in Redhibition.

## SEVENTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

92.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

93.     At the time Defendants manufactured, designed, marketed, sold and distributed the engine and fuel injector / throttle body for use by Plaintiff, Defendants knew or should have known of the use for which the defective devices were intended and the serious risks and dangers associated with such use of these defective devices

94.     Defendants owed a duty to treating its customers and ultimate end users of the defective engine and fuel injector / throttle body, including Plaintiff, to accurately and truthfully represent the risks of the engine and fuel injector / throttle body. Defendants breached that duty by misrepresenting and/or failing to adequately warn of the risks of the engine and fuel injector / throttle body – effects of which Defendants knew or in the exercise of diligence should have known – to the owners of Cessna Airplanes containing the engine fuel injector / throttle body combination, pilots and/or mechanics of such and ultimate users, including Plaintiff.

95.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain severe physical and mental injuries and/or death, severe emotional distress, post-traumatic stress syndrome, economic losses and other damages for which he is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.  Defendants,

**AIR PLAINS SERVICES, CORPORATION**

**AVSTAR FUEL SYSTEMS, INC.**

**TEXTRON, INC.**

**AVCO CORPORATION**

**LYCOMING AVIATION, INC.**

are liable to Plaintiff, David Craig Hare, jointly, severally and in solido, for all general, special and equitable relief and damages, interest from date of judicial demand and costs to which Plaintiff is entitled by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, David Craig Hare, prays for judgment against Defendants,

**AIR PLAINS SERVICES, CORPORATION**

**AVSTAR FUEL SYSTEMS, INC.**

**TEXTRON, INC.**

**AVCO CORPORATION**

**LYCOMING AVIATION, INC.**

jointly severally and in solido, as follows:

(a)      For compensatory damages according to proof in an amount deemed

reasonable in the premises;

(b)      For the equitable relief requested;

(c)      For all applicable statutory damages under the consumer protection and

redhibition legislation of Louisiana and other applicable laws of the United States;

(d)      For an award of attorneys' fees;

(e)      For prejudgment interest from the date of judicial demand on all amounts

awarded herein and the costs of suit; and

(f)      For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this case as to such issues so triable.

BY ATTORNEY:
JOHN W. WILBERT, III #13465
Wilbert Law Firm
58615 Belleview Road
Post Office Box 512
Plaquemine, Louisiana 70765-0512
Telephone: (225) 687-9535
Facsimile: (225) 687-9538
jwwiii@att.net

*John W. Wilbert, III*

_____
JOHN W. WILBERT, III - Trial Attorney