## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID CRAIG HARE**                                        **CIVIL ACTION**

**VERSUS**                                                  **NO.: 22-2306**

**AIR PLAINS SERVICES**                                     **SECTION: T (1)**
**CORPORATION, ET AL**


### ORDER

Before the Court is a Rule 12(b)(2) Motion to Dismiss, filed by Defendant Air Plains Services Corporation ("Air Plains").[1] Plaintiff David Craig Hare filed an untimely opposition.[2] Air Plains did not file a reply to the opposition, instead filing a Motion to Strike Plaintiff's opposition.[3] Plaintiff filed an opposition to the Motion to Strike.[4]

For the following reasons, the Motion to Dismiss is **GRANTED** and the Motion to Strike is **DISMISSED AS MOOT.**

### FACTUAL BACKGROUND

This case arises out of a plane crash that occurred on or about July 27, 2021.[5] Plaintiff alleges he was injured in the crash, which was caused by the defendants' negligent sale, design, installation, and failure to warn of a defective engine upgrade "kit" that had been installed in the plane he was flying. and Plaintiff asserts several bases for recovery against the defendants including products liability, breach of implied warranty, negligence, intentional and negligent infliction of emotional distress, violation of consumer protection statutes, redhibition, and

---

[1] R. Doc. 14.
[2] R. Doc. 16.
[3] R. Doc. 17.
[4] R. Doc. 24.
[5] R. Doc. 1.

negligent misrepresentation.[6] Air Plains now seeks dismissal of Plaintiff's claims against it under Rule 12(b)(2) based on lack of personal jurisdiction by this Court.[7]

In short, Air Plains argues that this Court lacks general jurisdiction over it because it is a Kansas corporation with its principal place of business in Kansas as well.[8]  Air Plains further submits general jurisdiction is lacking because it is not licensed to do business, nor does it have offices, property, operations, or employees in Louisiana.[9] With regard to specific jurisdiction, Air Plains asserts it does not have sufficient minimum contacts with Louisiana because it did not sell or install the allegedly defective product at issue or have any involvement with the subject aircraft at all.[10] Moreover, Air Plains contends it has never sold the product at issue to anyone else in Louisiana.[11] Therefore, Air Plains concludes its contacts with Louisiana are de minimis at best.

## LAW AND ANALYSIS

As a preliminary matter, the Court will consider the opposition filed by Plaintiff in connection to the instant motion to dismiss. While the filing was indeed untimely, Air Plains has had ample opportunity to seek leave of the Court to reply to the opposition's substance, thereby curing any prejudicial effect of the late filing.

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to present a defense of lack of personal jurisdiction. When nonresidents move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.[12] At this juncture, all uncontroverted allegations in the complaint are taken as true with all conflicts

---

[6] *Id*.
[7] R. Doc. 14.
[8] R. Doc. 14-1, p. 5.
[9] *Id*.
[10] *Id*.
[11] *Id*.
[12] *See Luv N' Care v. Insta-Mix, Inc.*, 483 F.3d 465, 469 (5th Cir. 2006).

resolved in the plaintiff's favor.[13] The Court is not restricted to pleadings, but may consider appropriate discovery such as affidavits, interrogatories, and depositions.[14]

Courts may exercise personal jurisdiction over nonresident defendants only if two requirements are met: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the bounds of due process.[15] Because the limits of Louisiana's long-arm statute mirrors the bounds of due process, the only question to be answered is whether this Court's exercise of jurisdiction would offend due process.[16] An exercise of personal jurisdiction over a nonresident hinges on whether a defendant has such "minimum contacts" with the forum state that imposing a judgment would not "offend traditional notions of fair play and substantial justice."[17]

There are two categories of personal jurisdiction: general and specific.[18] General jurisdiction arises when a defendant has "continuous and systematic general business contacts" with the forum state.[19] General jurisdiction of an individual is not predicated on jurisdiction over a company.[20] Instead, each defendant's contact with the forum state is assessed individually.[21] Specific jurisdiction exists when a suit arises out of or relates to the defendant's contacts with the forum state.[22] The focus of an analysis regarding specific jurisdiction over nonresident defendants is "the relationship among the defendant, the forum and the litigation."[23] In order for the Court to

[13] *Id*.
[14] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 752 (5th Cir. 1996).
[15] *See Seiferth v. Helicópteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).
[16] *See* La. R.S. § 13:3201(B); *Luv N' Care*, 483 F.3d at 469.
[17] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011); *Luv N' Care*, 483 F.3d at 469 (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).
[18] *Id*.
[19] *Choice Healthcare, Inc. v. Kaiser Found.  Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).
[20] *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).
[21] *Calder v. Jones*, 465 U.S. 783, 790 (1984).
[22] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).
[23] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

exercise specific jurisdiction, the defendant's suit-related conduct must create a substantial connection with the forum state.[24]

The Fifth Circuit has set forth a test to determine if specific jurisdiction exists. First, the Court must determine whether the defendant has minimal contacts with the forum state, *i.e.* whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.[25] Second, the plaintiff's cause of action must arise out of or result from the defendant's forum-related contacts.[26] Finally, if the preceding factors are satisfied, the Court looks to whether the exercise of jurisdiction is fair and reasonable.[27] In cases involving stream of commerce, the minimum contacts prong of the specific jurisdiction analysis is satisfied when the court "finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state."[28]

There is no basis for this Court to exercise general jurisdiction over Air Plains. Air Plains is a Kansas corporation, with its principal place of business in Kansas. Plaintiff has not made a showing that Air Plains has substantial, continuous, and systemic contacts with Louisiana such that it could be considered "at home" in Louisiana. Air Plains has no offices or employees in Louisiana, no property within the state, and is not licensed to do business within the state. Plaintiff alleges Air Plains "targets" Louisiana through its online presence illustrating installation of component parts necessary for a Supplemental Type Certificate. A review of the exhibit provided

---

[24] *Id.*
[25] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).
[26] *Id.*
[27] *Id.*
[28] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

by Plaintiff and affidavit provided by Air Plains, however, shows the website does not sufficiently target Louisiana to trigger the exercise of general jurisdiction over Air Plains by this Court.

The Court similarly finds that Plaintiff has not made a sufficient showing to invoke the Court's exercise of specific jurisdiction to defeat the motion to dismiss under Rule 12(b)(2). As discussed above, specific jurisdiction is appropriate when a defendant's volitional act within the jurisdiction forms the basis of the litigation.[29] A review of the pleadings presented in this matter reveals that Air Plains did not sell the product that is the basis of Plaintiff's claims, either to a specific Louisiana company or to any company in Louisiana at all. Air Plains did not even own the Supplemental Type Certificate at the time the engine upgrade connected to the subject litigation occurred. Less than 1% of Air Plains's sales transactions are connected to Louisiana. Plaintiff's argument regarding the potential connection between Air Plains's conduct and the defects alleged in this litigation is admittedly presumptive and speculative. There has not been a sufficient showing that Air Plains purposefully directed any activities to Louisiana and that this litigation either arose from or is related to those specific activities, so as to defeat a motion to dismiss under Rule 12(b)(2).

Finding no basis upon which to exercise either general or specific personal jurisdiction over non-resident Air Plains, the Court will **GRANT** the motion to dismiss filed by Air Plains.

## <u>CONCLUSION</u>

For the above reasons, **IT IS ORDERED** that the Motion to Dismiss is **GRANTED**, and that Plaintiff's claims against Air Plains are dismissed without prejudice**.**

---

[29] *Walen v. Fiore*, 134 S.Ct. 1115 (2014).

**IT IS FURTHER ORDERED** that the Motion to Strike filed by Air Plains is

**DISMISSED AS MOOT.**

New Orleans, Louisiana this  22nd  day of September, 2023.

Hon. Greg Gerard Guidry
United States District Judge