UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID CRAIG HARE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2306** |
| **AIR PLAINS SERVICES CORPORATION, AVSTAR FUEL SYSTEMS, INC., TEXTRON, INC., AVCO CORPORATION, LYCOMING AVIATION, INC.** | **SECTION: T (1)** |

## ORDER

Before the Court is a *Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2) and 12(b)(6), and to Strike Attorneys' Fee Demand Pursuant to Rule 12(f)* filed by Defendant AVStar Fuel Systems, Inc. ("AVStar").[1] Plaintiff David Craig Hare filed an opposition.[2] AVStar filed a reply.[3]

For the following reasons, the motion to dismiss is **GRANTED.**

## FACTUAL BACKGROUND

This is a case arising out of an aviation accident that occurred on or about July 27, 2021.[4] Plaintiff alleges several bases for recovery including products liability, breach of implied warranty, negligence, intentional and negligent infliction of emotional distress, violation of consumer protection statutes, redhibition, and negligent misrepresentation.[5] Plaintiff named several defendants, including AVStar, in his lawsuit. AVStar now seeks dismissal of Plaintiff's claims against it under Rule 12(b)(2) based on lack of personal jurisdiction of this Court.[6] AVStar also

---

[1] R. Doc. 19.
[2] R. Doc. 30.
[3] R. Doc. 36.
[4] R. Doc. 1.
[5] *Id*.
[6] R. Doc. 19.

1

requests this Court strike Plaintiff's claims for attorneys' fees pursuant to Rule 12(f).[7] Finally, and in the alternative, AVStar seeks dismissal of certain of Plaintiff's claims under Rule 12(b)(6) for deficient pleading and/or claims barred by the Louisiana Products Liability Act.[8]

## LAW AND ANALYSIS

Federal Rule 12(f) allows a court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter either on its own motion or on motion made by any party before responding to the pleading.[9] Plaintiff's lawsuit seeks attorneys' fees, which are improper under the Louisiana Products Liability Act. AVStar asks that this claim be stricken, which is unopposed by Plaintiff. Therefore the motion to strike is **GRANTED** and the claim for attorneys' fees within Plaintiff's complaint is hereby stricken.

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to present a defense of lack of personal jurisdiction. When nonresidents move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.[10] At this juncture, all uncontroverted allegations in the complaint are taken as true with all conflicts resolved in the plaintiff's favor.[11] The Court is not restricted to pleadings, but may consider appropriate discovery such as affidavits, interrogatories, and depositions.[12]

Courts may exercise personal jurisdiction over nonresident defendants only if two requirements are met: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the bounds of due process.[13] Because the limits of

---

[7] R. Doc. 19.
[8] *Id*.
[9] Fed. R. Civ. P. 12(f).
[10] *See Luv N' Care v. Insta-Mix, Inc.*, 483 F.3d 465, 469 (5th Cir. 2006).
[11] *Id*.
[12] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 752 (5th Cir. 1996).
[13] *See Seiferth v. Helicópteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

Louisiana's long-arm statute mirrors the bounds of due process, the only question to be answered is whether this Court's exercise of jurisdiction would offend due process.[14] An exercise of personal jurisdiction over a nonresident hinges on whether a defendant has such "minimum contacts" with the forum state that imposing a judgment would not "offend traditional notions of fair play and substantial justice."[15]

There are two categories of personal jurisdiction: general and specific.[16] General jurisdiction arises when a defendant has "continuous and systematic general business contacts" with the forum state.[17] General jurisdiction of an individual is not predicated on jurisdiction over a company.[18] Instead, each defendant's contact with the forum state is assessed individually.[19] Specific jurisdiction exists when a suit arises out of or relates to the defendant's contacts with the forum state.[20] The focus of an analysis regarding specific jurisdiction over nonresident defendants is "the relationship among the defendant, the forum and the litigation."[21] In order for the Court to exercise specific jurisdiction, the defendant's suit-related conduct must create a substantial connection with the forum state.[22]

The Fifth Circuit has set forth a test to determine if specific jurisdiction exists. First, the Court must determine whether the defendant has minimal contacts with the forum state, i.e. whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.[23] Second, the plaintiff's cause of action must arise

---

[14] *See* La. R.S. § 13:3201(B); *Luv N' Care*, 483 F.3d at 469.
[15] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011); *Luv N' Care*, 483 F.3d at 469 (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).
[16] *Id*.
[17] *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).
[18] *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).
[19] *Calder v. Jones*, 465 U.S. 783, 790 (1984).
[20] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).
[21] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).
[22] *Id*.
[23] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

out of or resulting from the defendant's forum-related contacts.[24] Finally, if the preceding factors are satisfied, the Court looks to whether the exercise of jurisdiction is fair and reasonable.[25] In cases involving stream of commerce, the minimum contacts prong of the specific jurisdiction analysis is satisfied when the court "finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state."[26]

There is no basis on which this Court may exercise either general or specific jurisdiction over AVStar. It is not disputed that AVStar is a Florida corporation with its principal place of business in Florida. It is not registered to do business in Louisiana, does not have a registered agent for process in Louisiana, and owns no real property within the state. Moreover, per the evidence before the Court on this motion, AVStar's connection with Louisiana business entities accounts for less than 1% of its total revenue. Plaintiff provides no evidence to establish any continuous or systematic ties between AVStar and Louisiana such that an exercise of general jurisdiction is warranted. Similarly, there is no evidence before the Court establishing specific jurisdiction over AVStar. To the contrary, none of the few instances of contact with Louisiana by AVStar is connected to Plaintiff's claims or directed to the state. AVStar's only connection to this litigation is its contact with Lycoming, located in Pennsylvania. The record reflects that AVStar did not sell, ship, or in any way make contact with Louisiana related to this litigation. Plaintiff thus fails to present a sufficient basis upon which this Court should exercise specific jurisdiction over AVStar in this matter.

---

[24] *Id*.
[25] *Id*.
[26] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

Finding no basis upon which to exercise personal jurisdiction over non-resident AVStar, the Court will **GRANT** the motion to dismiss filed by AVStar.[27]

## CONCLUSION

For the above reasons, **IT IS ORDERED** that the motion to dismiss is **GRANTED**, and that Plaintiff's claims against AVStar are dismissed without prejudice.

New Orleans, Louisiana this  22nc  day of September, 2023.

Hon. Greg Gerard Guidry
United States District Judge

---

[27] Because the Court finds there is no basis on which to exercise jurisdiction over AVStar, it need not address the merits of AVStar's arguments for dismissal of claims under Rule 12(b)(6).