UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID CRAIG HARE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2306** |
| **AIR PLAINS SERVICES CORPORATION, AVSTAR FUEL SYSTEMS, INC., TEXTRON, INC., AVCO CORPORATION, LYCOMING AVIATION, INC.** | **SECTION: T(1)** |

## ORDER

Before the Court is a *Motion to Dismiss Pursuant to Rule 12(b)(2)* filed by Defendants, Textron, Inc. ("Textron") and Avco Corporation ("Avco").[1] Plaintiff David Craig Hare filed an opposition.[2] Defendants filed a reply.[3]

For the following reasons, the motion to dismiss is **GRANTED IN PART and DENIED IN PART.**

## FACTUAL BACKGROUND

This is a case arising out of an aviation accident that occurred on or about July 27, 2021.[4] Plaintiff alleges several bases for recovery including products liability, breach of implied warranty, negligence, intentional and negligent infliction of emotional distress, violation of consumer protection statutes, redhibition, and negligent misrepresentation.[5] Plaintiff named several defendants, including Avco and Textron.[6] Also included in Plaintiff's lawsuit are allegations

---

[1] R. Doc. 23.
[2] R. Doc. 31.
[3] R. Doc. 38.
[4] R. Doc. 1.
[5] *Id*.
[6] *Id*.

1

against Lycoming, which Plaintiff alleges is a separate entity from Avco.[7] Avco and Textron now move to dismiss Plaintiff's claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(2).

Plaintiff argues that Avco and Lycoming are separate entities housed under a parent company, Textron.[8] Defendants respond with affidavits and evidence reflecting Avco is a corporation incorporated in the State of Delaware with a principal place of business in Texas, and a wholly-owned subsidiary of Textron.[9] Lycoming, according to Avco, is an unincorporated division of Avco that has not been served, nor does it have the capacity to accept service or the legal standing to be sued.[10] There is no dispute between the parties that Avco is the proper party to this suit. Yet, Avco has no place of business in Louisiana and is not qualified to do business within the state.[11] Avco does not own or lease real property in Louisiana and has no office, bank account, post office box, or telephone in Louisiana.[12] After Avco completed an overhaul on the engine subject to this suit in Pennsylvania, the engine was sold to Aero Performance, a third party distributor, and delivered to Mississippi.[13] Any publications, manuals, warnings or warranties produced by Avco were produced, drafted, or disseminated from either Pennsylvania or Rhode Island.[14]

Textron, Avco's parent company, is a Delaware corporation with a principal place of business in Rhode Island.[15] Plaintiff provided evidence that Textron has authorization to do

---

[7] *Id*; R. Doc. 31.
[8] R. Doc. 31.
[9] R. Doc. 23.
[10] *Id*.
[11] R. Doc. 23-2.
[12] *Id*.
[13] *Id*.
[14] *Id*.
[15] *Id*.

business in Louisiana, and has a place of business in Louisiana.[16] Plaintiff argues that Textron, Avco, and Lycoming are one-and-the-same, and should be treated as one entity for purposes of jurisdiction.[17] Defendants argue that Textron and Avco have separate corporate records, have different management, separate Boards of Directors, and are separate and distinct corporations.[18]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to present a defense of lack of personal jurisdiction. When nonresidents move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.[19] At this juncture, all uncontroverted allegations in the complaint are taken as true with all conflicts resolved in the plaintiff's favor.[20] The Court is not restricted to pleadings, but may consider appropriate discovery such as affidavits, interrogatories, and depositions.[21]

Courts may exercise personal jurisdiction over nonresident defendants only if two requirements are met: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the bounds of due process.[22] Because the limits of Louisiana's long-arm statute mirrors the bounds of due process, the only question to be answered is whether this Court's exercise of jurisdiction would offend due process.[23] An exercise of personal jurisdiction over a nonresident hinges on whether a defendant has such "minimum contacts" with

---

[16] R. Doc. 31.
[17] R. Doc. 31.
[18] R. Doc. 23-2.
[19] *See Luv N' Care v. Insta-Mix, Inc.*, 483 F.3d 465, 469 (5th Cir. 2006).
[20] *Id.*
[21] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 752 (5th Cir. 1996).
[22] *See Seiferth v. Helicópteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).
[23] *See* La. R.S. § 13:3201(B); *Luv N' Care*, 483 F.3d at 469.

the forum state that imposing a judgment would not "offend traditional notions of fair play and substantial justice."[24]

There are two categories of personal jurisdiction: general and specific.[25] General jurisdiction arises when a defendant has "continuous and systematic general business contacts" with the forum state.[26] General jurisdiction of an individual is not predicated on jurisdiction over a company.[27] Instead, each defendant's contact with the forum state is assessed individually.[28] Specific jurisdiction exists when a suit arises out of or relates to the defendant's contacts with the forum state.[29] The focus of an analysis regarding specific jurisdiction over nonresident defendants is "the relationship among the defendant, the forum and the litigation."[30] In order for the Court to exercise specific jurisdiction, the defendant's suit-related conduct must create a substantial connection with the forum state.[31]

The Fifth Circuit has set forth a test to determine if specific jurisdiction exists. First, the Court must determine whether the defendant has minimal contacts with the forum state, i.e. whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there.[32] Second, the plaintiff's cause of action must arise out of or resulting from the defendant's forum-related contacts.[33] Finally, if the preceding factors are satisfied, the Court looks to whether the exercise of jurisdiction is fair and reasonable.[34] In

---

[24] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011); *Luv N' Care*, 483 F.3d at 469 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).
[25] *Id.*
[26] *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).
[27] *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).
[28] *Calder v. Jones*, 465 U.S. 783, 790 (1984).
[29] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).
[30] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).
[31] *Id.*
[32] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).
[33] *Id.*
[34] *Id.*

cases involving stream of commerce, the minimum contacts prong of the specific jurisdiction analysis is satisfied when the court "finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state."[35]

There is no basis for general or specific jurisdiction over Avco in this matter. As discussed above, there is no question that Avco is a proper party to this suit. However, Avco, as a Delaware corporation with a principal place of business in Texas, is not subject to general jurisdiction in Louisiana. There is no indication that Avco had such systematic and continuous contact with Louisiana to subject itself to general jurisdiction in Louisiana. Similarly, any of Avco's purported tortious behavior occurred outside Louisiana and there is no indicia Avco knew its product would end up in Louisiana via the stream of commerce. Avco sold its product to Aero Performance, a company in Mississippi. If there was any purposeful availment to another state's jurisdiction that would justify an exercise of specific jurisdiction, that activity was directed at Mississippi, not Louisiana. Plaintiff has not shown sufficient support for the exercise of personal jurisdiction, either general or specific, over Avco by this Court.

Finding no basis upon which to exercise personal jurisdiction over non-resident Avco, the Court will **GRANT** the motion to dismiss as to the claims against Avco. Textron, however, is subject to an exercise of personal jurisdiction in Louisiana. While Textron is a Delaware corporation with a principal place of business in Rhode Island, it also holds a place of business in Louisiana and is authorized to do business in the state. Therefore, the Court will **DENY** the motion to dismiss for lack of personal jurisdiction as to Textron.[36]

---

[35] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).
[36] At this juncture, the Court considers only the arguments regarding personal jurisdiction, not the arguments by Textron as to the merits or propriety of the claims against it.

## **CONCLUSION**

For the above reasons, **IT IS ORDERED** that the motion to dismiss for lack of personal jurisdiction is **GRANTED** as to Avco, and that Plaintiff's claims against Avco are dismissed without prejudice**.**

**IT IS FURTHER ORDERED** that the motion to dismiss for lack of personal jurisdiction is **DENIED** as to Plaintiff's claims against Textron, Inc.

New Orleans, Louisiana this   22nc   day of September, 2023.

_____
Hon. Greg Gerard Guidry
United States District Judge