UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID CRAIG HARE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2306** |
| **AIR PLAINS SERVICES CORPORATION, AVSTAR FUEL SYSTEMS, INC., TEXTRON, INC., AVCO CORPORATION, LYCOMING AVIATION, INC.** | **SECTION: T(1)** |

## ORDER AND REASONS

Before the Court is Defendant Textron, Inc.'s ("Textron") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, Motion for Summary Judgment. R. Doc. 58. Plaintiff David Craig Hare has responded in opposition, R. Doc. 59, and Textron has filed a reply memorandum, R. Doc. 62. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT Textron's Motion.

### I.   BACKGROUND

This case arises from damages Plaintiff alleges he sustained when the small aircraft he was piloting crashed. R. Doc. 1 at 14–15. Plaintiff alleges the crash was caused by defects in the aircraft's engine and fuel injection system. *Id.* at 10–11. Plaintiff filed suit against several defendants, asserting claims for products liability, breach of implied warranty, negligence, intentional and negligent infliction of emotional distress, violation of consumer protection statutes, redhibition, and negligent misrepresentation. *Id.* at 15–25. Most of Plaintiff's claims have been dismissed by this Court for lack of personal jurisdiction over the defendants, leaving Textron as the sole remaining defendant to this action. *See* R. Docs. 44; 45; 46; 63. Textron now moves the

1

Court to dismiss Plaintiff's claims against it as well, arguing Plaintiff has failed to state a claim upon which relief can be granted, or, alternatively, that it is entitled to summary judgment.

## II.  APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegations underlying a claim are insufficient to raise a right to relief above the speculative level, that claim must be dismissed. *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

The basis of Textron's Motion to Dismiss is that the correct defendant for Plaintiff's claims is Avco Corporation ("Avco"), which Plaintiff alleges "was the owner of the type certificate, distributor, licensor, designer, manufacturer, seller, supplier, overhauler and/or rebuilder of the aircraft engine and its components involved in the crash of the aircraft subject to this lawsuit." R. Doc. 1 at 5. Because Avco has been dismissed from this suit for lack of personal jurisdiction, Plaintiff seeks to hold Textron, Avco's parent company, liable for his alleged damages. Textron argues Plaintiff has failed to state a plausible claim against it because Plaintiff has alleged no conduct on the part of Textron itself which could form the basis of any liability in this action, but rather "indiscriminately lumps [Textron] together" with Avco. R. Doc. 58 at 7. In opposition, Plaintiff asserts Textron merely "attempts to cloak its ownership in a myriad of assumed company names" in "an attempt to shield itself from liability[,]" R. Doc. 59 at 8, and asks the Court to pierce the corporate veil between Textron and its subsidiary, Avco, so that he may hold Textron liable for his alleged damages. *Id.* at 10.

As the Louisiana Supreme Court has explained, a corporate veil may be pierced only "where the corporation is an alter ego of the shareholders and the shareholders have used the corporation to defraud a third party . . . [or] where the shareholders have failed to conduct a business on a 'corporate footing' to such an extent that the corporation ceases to be distinguishable from its shareholders." *Ogea v. Merritt*, 2013–1085 (La. 12/10/13), 130 So.3d 888, 895. A party seeking to pierce the corporate veil "bears a heavy burden of proof in demonstrating that the corporate form has been disregarded by the shareholders to the extent that the corporation and shareholders are indistinguishable." *Huard v. Shreveport Pirates, Inc.*, 147 F.3d 406, 409 (5th Cir.1998), quoting *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1992). Here,

Plaintiff has pleaded in his complaint no facts to support the argument that piercing the corporate veil between Textron and Avco would be appropriate in this case beyond the clearly insufficient assertion that Textron is Avco's parent company. *See* R. Doc. 1. Accordingly, Plaintiff has failed to state a claim against Textron upon which relief can be granted.

Should the Court so conclude, Plaintiff seeks leave to amend his complaint to allege specifically that the corporate veil must be pierced in this case. R. Doc. 59 at 10. A court "should freely give leave [to amend a complaint] when justice so requires[,]" Fed. R. Civ. Proc. 15(a)(2), but need not grant leave to amend if the proposed amendment would be futile. *See, e.g.*, *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). An amendment would be futile if even the "amended complaint would fail to state a claim upon which relief could be granted." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), *cert. denied*, 143 S. Ct. 353 (2022) (citing *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). A complaint is insufficient to state a claim upon which relief can be granted if it contains merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In requesting leave to amend, Plaintiff has presented no factual support whatsoever for his assertion that Avco is "merely a shell corporation" for Textron, or that the corporate relationship between Textron and Avco is anything other than a standard relationship between a parent company and its subsidiary, with which he might amend his complaint. Thus, Plaintiff's proposed amendment to the complaint would be futile, as it would not render Plaintiff's claims sufficient to survive Rule 12(b)(6) review. Leave to amend need not be granted, and Plaintiff's claims against Textron must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Textron's Motion is **GRANTED** and Plaintiff's remaining claims are hereby **DISMISSED**.

New Orleans, Louisiana, this 11th day of January, 2024.

_____
Greg Gerard Guidry
United States District Judge